1  Rachelle Singer, Esq. (CSB #147738)
   Smith & Silbar, LLP
2  18881 Von Karman Ave., Suite 1225
   Irvine, CA 92612
3  Telephone:  (714) 964-3021
   Facsimile:  (949) 263-8073
4  Email:  rsinger@smithsilbar.com

5  Attorneys for Defendants,
   JEROME J. NASH and STEVEN M. KATZ
6  (erroneously sued as STEVEN M. KATS)

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  UNITED AFRICAN-ASIAN ABILITIES         )  Case No. 2:20-cv-08786
    CLUB, ON BEHALF OF ITSELF AND          )
12  ITS MEMBERS; ANNA MARIE                )  **DEFENDANTS JEROME J. NASH**
    WIGGINS, An Individual, ON BEHALF      )  **AND STEVEN M. KATZ'S ANSWER**
13  OF ROBERT AARON MCKISSICK,             )  **TO PLAINTIFFS' COMPLAINT**
                                           )
14                  Plaintiffs,            )
                                           )
15         v.                              )
                                           )
16  JEROME J. NASH, Trustee; STEVEN M.     )
    KATS, Trustee; and DOES 1 THROUGH      )
17  10, Inclusive,                         )
                                           )
18                  Defendants.            )
                                           )
19                                         )
    _____)
20

21         Defendants JEROME J. NASH ("Nash") and STEVEN M. KATZ ("Katz")

22  [erroneously sued as STEVEN M. KATS] (collectively, "Defendants") hereby answer

23  the Complaint of Plaintiffs UNITED AFRICAN-ASIAN ABILITIES CLUB, ON

24  BEHALF OF ITSELF AND ITS MEMBERS; ANNA MARIE WIGGINS, An

25  Individual, ON BEHALF OF ROBERT AARON MCKISSICK ("Plaintiffs") as

26  follows:

27

28
                                    1
    **DEFENDANTS JEROME J. NASH AND STEVEN M. KATZ'S ANSWER TO**
    **PLAINTIFFS' COMPLAINT**

## PARTIES

1.    Answering paragraphs 1, 2 & 3 of the Complaint, Plaintiffs' allegations concerning the basis for jurisdiction and venue are legal conclusions to which no response is required, and Defendants do not deny that Plaintiffs made allegations, as stated in paragraph 1, but deny the content of such allegations, as further set forth below.

2.    Answering paragraphs 4 & 5 of the Complaint, Defendants do not have sufficient information to respond to these allegations and therefore deny these allegations, with the exception that Defendants have learned that Plaintiffs have brought numerous other separate lawsuits alleging similar allegations, in the State of California.

3.    Answering paragraph 6, Defendants admit that they are owners of the subject "Property" at 11915 Riverside Drive, Valley Village, California.  However, Defendants object to the term "operators" without further definition and a time period set forth, and therefore denies that allegation.  Defendants also note that "Kats" in the Complaint was likely meant to refer to "Katz."

4.    Answering paragraph 7, Defendants admit that they are doing business in California, but deny being defined as a corporation or franchise.  Also, no time frame is provided, so Defendants are unable to admit or deny the paragraph for the time at issue.

5.    Answering paragraph 8, Defendants do not have sufficient information to respond to these allegations at this time, and therefore deny these allegations.

6.    Answering paragraphs 9 & 10 of the Complaint, Defendants lack sufficient information to respond to these allegations in detail. Defendants lack knowledge of Plaintiffs' alleged disabilities and their own organization.  Also, on information and belief, and in part based on Plaintiffs' attached exhibits and lack thereof, Defendants believe that Plaintiffs accessed other website platforms, and not a website offered by Defendants.  Further, Defendants deny receiving a written request for accommodation, and no copy of the alleged written accommodation letter is requested as an Exhibit to the Complaint brought by Plaintiffs. Therefore, based on the information presented and

**DEFENDANTS JEROME J. NASH AND STEVEN M. KATZ'S ANSWER TO PLAINTIFFS' COMPLAINT**

Defendants' knowledge and beliefs, Defendants deny the allegations of paragraphs 9 & 10.

7.     Answering paragraphs 11-14 of the Complaint, Defendants lack sufficient information to respond to these allegations in detail, and deny allegations wherein they lack knowledge, particularly pertaining to Plaintiffs' alleged Club actions, its membership and its member's alleged disabilities.  Defendants deny being contacted by Plaintiffs relating to their policies and Defendants lack information or understanding regarding an alleged access report.  Defendants also deny allegations concerning their website and on information and belief, Defendants believe that Plaintiffs may have accessed other websites, rather than Defendants.

8.     Answering paragraph 15, Defendants did not (to the best of their knowledge) receive the emails referenced in the paragraph and Plaintiffs have not attached copies of such emails, so Defendants are unable to compare email addresses. Therefore, Defendants deny the allegations set forth in paragraph 15.

9.     Answering paragraph 16, Defendants do not have sufficient information to respond to these allegations and therefore deny these allegations.

10.     Answering paragraphs 17 & 18, Defendants don't have sufficient information to respond to these allegations and therefore deny these allegations. Defendants also object to and deny the legal conclusions that Plaintiffs set forth in the paragraphs and deny (based on information attached to the Complaint) that Plaintiffs were using Defendants' website. Plaintiffs appear to be addressing a third party's website.

11.     Answering paragraphs 19 - 23 of the Complaint, Defendants do not have sufficient information to respond to these allegations and therefore deny these allegations.  Further, Defendants deny the allegations to the extent they are drawing legal conclusions as to disparity.  Plaintiffs also seem to be listing information from a variety of websites that do not belong to Defendants.  Defendants are not required to

**DEFENDANTS JEROME J. NASH AND STEVEN M. KATZ'S ANSWER TO PLAINTIFFS' COMPLAINT**

answer Plaintiffs' allegations as to what is required by law (certain photographs), and cannot respond to legal conclusions.

12.     Answering paragraphs 24–26, Defendants do not have sufficient information to respond to these allegations and therefore deny these allegations.  For example, Defendants have no knowledge of the alleged visit.  Further, Defendants deny the allegations to the extent they are drawing legal conclusions.  Further, Defendants deny many of the assertions concerning offices at the Property, etc.  Defendants deny all allegations of discrimination and on information belief deny allegations concerning Plaintiffs' intent.

13.     Answering paragraphs 27 – 30 Defendants do not have sufficient information to respond to most of the factual allegations in these paragraphs, and therefore deny these allegations.  For example, Defendants have no knowledge of the alleged visit.  Further, Defendants deny the allegations to the extent they are drawing legal conclusions.  Plaintiffs devote a significant portion of these paragraphs to citing case law and providing summaries of such case law.  Defendants are not required to admit or deny Plaintiffs' cites or summaries, which are not factual allegations, but are Plaintiffs' legal interpretations and quotes.  Defendants deny the standing allegations. These paragraphs incorporate in earlier Complaint paragraphs.  Thus, Defendants incorporate in their responses (set forth above) to corresponding paragraphs.  Further, Defendants deny many of the assertions, specifically those concerning offices at the Property and types of discrimination.  Defendants specifically deny any claim that if failed to engage in a process, when it was not given an opportunity to engage in the process.  Defendants deny all allegations of discrimination and on information belief denies allegations concerning Plaintiffs' intent.  Defendants do not have sufficient information to respond to some of the other scattered allegations in these paragraphs, and therefore denies these allegations.

14.     Answering paragraphs 31, 32 & 33, Defendants admit they should not be held liable for any design claims.  Defendants also incorporate in their responses to

4

paragraphs 8-26, which Plaintiffs incorporate into these paragraphs.  Defendants deny receiving any of Plaintiffs' alleged written and other requests for accommodation to have equal access.  Defendants are under no obligation to admit or deny Plaintiffs' quotes of case law, and Defendants have not checked if Plaintiffs' quoted case law is accurate.  Defendants deny acting in a discriminatory manner.  Defendants are unable to admit or deny many sections of these paragraphs, because Defendants do not know what statements and ads are even at issue, due to the vagueness of these paragraphs.  Defendants deny that they refused to make reasonable accommodations for Plaintiffs.  To the best of Defendants' knowledge, they were never approached by the Plaintiffs.  Defendants do not have sufficient information to respond to some of the other scattered allegations in these paragraphs, and therefore deny these allegations as well.

15.   Answering paragraphs 34-39, it appears that Plaintiffs have strung together a litany of codes citations, case law and other legal authority and is asking the court to consider legal authority, instead of factual allegations.  These paragraphs primarily contain statements and conclusions of law to which Defendants are not required to respond.  Regarding factual allegations contained therein, if any, Defendants do not have sufficient information with regard to some of the allegations contained there and therefore deny these allegations.  Defendants deny the allegation that they discriminated and Defendants incorporate in their responses to paragraphs 8-26, which Plaintiffs have incorporated into these paragraphs by reference.

16.   Answering paragraph 40-47, it appears that Plaintiffs have strung together a litany of codes citations, case law and other legal authority and is asking the court to consider legal authority, instead of factual allegations.  These paragraphs primarily contain statements and conclusions of law to which Defendants are not required to respond.  Regarding factual allegations contained therein, if any, Defendants do not have sufficient information with regard to some of the allegations contained there and therefore deny these allegations.  Defendants deny the allegation that they discriminated and they incorporate in their responses to paragraphs 8-26, which Plaintiffs have

5

incorporated into these paragraphs by reference.  Defendants also deny allegations about their alleged website when the exhibits attached to the Complaint do not appear to come from Defendants' website.  Defendants lack actual knowledge about Plaintiffs' alleged motives or claim to have attempted to the Property, but based on the multitude of other lawsuits brought by Plaintiffs, Defendants do not believe that any actions by Plaintiffs were made for a legitimate purpose.  Defendants specifically deny screening out Plaintiffs or others with disabilities. Also, Defendants deny all allegations of wrongdoing, which are interspersed within these paragraphs between citations to law.

17.    Answering paragraphs 48-51, Plaintiffs have put together a myriad of codes and citations, and is asking the court to consider legal authority, instead of factual allegations.  These paragraphs primarily contain statements and conclusions of law to which Defendants are not required to respond to.   Regarding factual allegations contained therein, if any, Defendants do not have sufficient information with regard to some of the allegations contained there and therefore deny these allegations. Defendants incorporate in their responses to paragraphs 8-26, which Plaintiffs have incorporated into these paragraphs by reference.  Defendants also deny allegations pertaining to Plaintiffs' alleged motives or claims to have attempted to the Property. Defendants don't believe that any actions by Plaintiffs were made for a legitimate purpose and denies that Plaintiffs were denied access.  Defendants deny any violations alleged.  Also, Defendants expressly deny that they had knowledge of any violations and deny that they should be sanctioned in any manner.

## **PRAYER**

18.    Answering each paragraph within the "Demand for Judgment for Relief," also known as the "Prayer" section of the Complaint, Defendants deny that Plaintiffs have been damaged in any amount or sum and deny that Plaintiffs are entitled to any of the relief requested as against Defendants.   With regard to any statements and conclusion of law included within the Prayer for Relief, Defendants are not required to

**DEFENDANTS JEROME J. NASH AND STEVEN M. KATZ'S ANSWER TO PLAINTIFFS' COMPLAINT**

respond.  With regard to the allegations of wrongdoing within this section, Defendants deny said allegations.

## AFFIRMATIVE DEFENSES

19.    Defendants have not (a) completed their investigation of the facts; (b) commenced discovery; nor (c) commenced trial preparation.  The affirmative defenses herein are based on Defendants' knowledge, information, and belief at this time.  Defendants reserve the right to modify, amend, or supplement any affirmative defenses herein, and reserves the right to assert additional defenses.

20.    Subject to the above qualifications, and without conceding that it bears the burden of proof or persuasion as to any defense, Defendants allege the following affirmative defenses to the Complaint:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

21.    Plaintiffs' claims for relief fail to state claims upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Mootness)

22.    To the extent that Plaintiffs allege inaccessibility of the premises for persons with disabilities, the premises were believed to be in compliance with applicable federal accessibility statutes and regulations pertaining to persons with disabilities; thus, no justifiable or pending controversy exists as any such claim is moot. Defendants further aver that the Court should decline to exercise pendent jurisdiction over any remaining state law claims.

### THIRD AFFIRMATIVE DEFENSE
### (No Irreparable Harm)

23.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered, or will not suffer, irreparable harm as a result of any of the alleged conduct or omissions of Defendants.

**DEFENDANTS JEROME J. NASH AND STEVEN M. KATZ'S ANSWER TO PLAINTIFFS' COMPLAINT**

## FOURTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

24. Plaintiffs' claims for relief are barred or limited by the applicable statutes of limitation.

## FIFTH AFFIRMATIVE DEFENSE

### (Tester)

25. Plaintiffs' claims are barred in whole, or in part, because Plaintiffs lack standing to bring the claims Plaintiffs have brought against Defendants as Plaintiffs were not true customers or potential clients; nor denied full and equal access. Plaintiffs were merely unqualified testers engaged in visiting the facilities in order to ascertain whether there were any statutory or regulatory violations. Plaintiffs even admit that they didn't go to the Property at issue.

## SIXTH AFFIRMATIVE DEFENSE

### (No Proximate Cause)

26. The acts or omissions alleged were not the proximate result of the conduct of Defendants or were proximately caused by persons other than Defendants such that Defendants cannot be held liable for such acts or omissions, if any.

## SEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

27. By reason of Plaintiffs' conduct, some or all of the claims for relief alleged against Defendants are barred in whole or in part by the doctrine of estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

### (Removal of Barriers Not Readily Achievable)

28. Plaintiffs are not clear on the violations that Plaintiffs are alleging and makes a claim for potential, additional violations, other than those pled. While difficult to ascertain from the current allegations, it may be that some of the alleged barriers which Plaintiffs may claim should be removed or altered are not readily achievable by Defendants.

**DEFENDANTS JEROME J. NASH AND STEVEN M. KATZ'S ANSWER TO PLAINTIFFS' COMPLAINT**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NINTH AFFIRMATIVE DEFENSE

### (Laches)

29.     Plaintiffs' claims are barred as they weren't raised in a timely manner.

## TENTH AFFIRMATIVE DEFENSE

### (No Necessity)

30.     Plaintiffs are not clear on the violations that he is alleging and makes a claim for potential, additional violations, other than those pled.   While difficult to ascertain from the current allegations, the removal or alteration of some or all of the possibly pled barriers is not necessary to provide equal access to disabled persons.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Facility Accessible)

31.     The apartments are believed to be accessible to and usable by Plaintiffs and persons with disabilities as required by California laws and by Federal laws, including, but not limited to, the Americans With Disabilities Act, 42 U.S.C. §§12101, *et seq.*, the California Disabled Persons Act, Civil Code §§ 54, *et seq.*, the California Unruh Civil Rights Act, Civil Code § 51, and California Health and Safety Code, Part 5.5.

## TWELFTH AFFIRMATIVE DEFENSE

### (No Entitlement to Damages)

32.     Plaintiffs are precluded from recovering damages from Defendants under the applicable provisions of law, including, without limitation, California Civil Code § 55.56 and the due process clauses of the California and U.S. Constitutions and U.S. Constitutional Amendment XIV, § 1.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Good Faith)

33.     The Complaint is barred in that, at all relevant times, Defendants acted reasonably, with a good faith belief in the legality of its actions, based upon the relevant facts and circumstances known to it at the time it acted.

9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

34.     Plaintiffs' claims are barred in whole, or in part, because Plaintiffs lack standing to bring the claims they have brought against Defendants.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Civil Code §§ 54.3 and 55 Exclusive Remedy)

35.     Defendants allege Civil Code §§ 54.3 and 55 may be the proper remedy for alleged violations of Civil Code § 54.1 and damages provided for by Civil Code § 52 are not recoverable for such alleged violations.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Others' Responsibilities)

36.     Responsibility for compliance with some or all federal, state and local laws regarding access and use of the premises by persons with disabilities may have been allocated to other parties who are solely responsible for any affirmative obligation to make the premises accessible to persons with disabilities.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Insufficient Control or Authority)

37.     Plaintiffs' claims are barred in whole, or in part, because Defendants do not exercise sufficient control or authority over all or portions of the apartments such that they can be subject to liability.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

38.     Plaintiffs cannot maintain some of their causes of action against Defendants pursuant to the doctrine of "unclean hands" because Plaintiffs are engaged in conduct which proximately caused or contributed to injuries or damages allegedly suffered.  Indeed, Plaintiffs acted with unclean hands by bringing the instant claim when Plaintiffs failed to provide any request to Defendants to remedy the situation prior to

**DEFENDANTS JEROME J. NASH AND STEVEN M. KATZ'S ANSWER TO PLAINTIFFS' COMPLAINT**

bringing this lawsuit. Plaintiffs appear to have made a claim solely for money, as it is unlikely that Plaintiffs had any true desire to rent an apartment.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Reasonable Accommodation)

39. Defendants fulfilled any obligation they may have had to reasonably accommodate Plaintiffs' alleged disabilities.

## TWENTIETH AFFIRMATIVE DEFENSE

### (No Denial of Access)

40. Defendants did not deny Plaintiffs full and equal access to services, facilities, privileges, advantages or accommodations within a public accommodation.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (No Actual Knowledge of Violation)

41. Plaintiffs' alleged claims for relief are barred because Plaintiffs did not have actual knowledge of a violation that prevented him from fully accessing the business that he intended to use on a particular occasion.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

42. Plaintiffs failed to act reasonably to mitigate any damages that they allege. Plaintiffs never put Defendants on notice of an attempt to access the apartments.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (No Private Claim for Relief)

43. Civil Code §§ 54.1 and 54.3 don't necessarily create a private claim for relief or cause of action for damages for alleged discrimination and Civil Code § 55 may only provide a private claim for relief to enjoin such alleged statutory violations.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Lack of Intent)

44. Defendants lacked any intent to discriminate against Plaintiffs. Gunther v. Lin, 144 Cal.App.4th 223 (2006).

**DEFENDANTS JEROME J. NASH AND STEVEN M. KATZ'S ANSWER TO PLAINTIFFS' COMPLAINT**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (No Arbitrary Discrimination)

45.    Plaintiffs' alleged claims for relief are barred because Defendants did not engage in arbitrary discrimination against Plaintiffs.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Plaintiffs Not Personally Deterred)

46.    Plaintiffs' alleged claims for relief are barred because Plaintiffs did not personally encounter any violation and was not deterred from access to the apartments.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Damages Not Pled with Specificity)

47.    Plaintiffs have failed to allege special damages with the requisite specificity.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (No Request to Repair in Advance of Lawsuit)

48.    Plaintiffs failed to make any request to repair the areas of concern before filing this lawsuit.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Repairs Made)

49.    To the extent certain repairs may have been needed, if any, such repairs may have already been made.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

50.    Defendants presently have insufficient knowledge or information upon which to form a belief as to whether they may have additional, yet unstated, affirmative defenses.  Defendants reserve the right to assert additional affirmative defenses in the event discovery indicates those additional affirmative defenses are appropriate.

**DEFENDANTS JEROME J. NASH AND STEVEN M. KATZ'S ANSWER TO PLAINTIFFS' COMPLAINT**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **PRAYER**

WHEREFORE, Defendants pray for judgment as follows:

1.     That judgment be entered in favor of Defendants and against Plaintiffs;

2.     That the Complaint against Defendants be dismissed in its entirety, with prejudice;

3.     That Defendants be awarded its costs of suit; and

4.     That the Court awards such other and further relief as it deems just and proper.

Dated:  October 23, 2020                    SMITH & SILBAR, LLP

                                                            */s/ Rachelle Singer*
                                                            Rachelle Singer
                                                            Defendants, JEROME J. NASH and
                                                            STEVEN M. KATZ

**DEFENDANTS JEROME J. NASH AND STEVEN M. KATZ'S ANSWER TO PLAINTIFFS' COMPLAINT**